# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR F. STOSS, SR.,** | : | **CIVIL NO. 1:18-CV-1479** |
| Petitioner | : | |
| v. | : | **(Chief Judge Conner)** |
| **SUPERINTENDENT ESTOCK**, *et al.*, | : | |
| Respondents | : | |

## **MEMORANDUM**

On March 19, 2012, Stoss was convicted of first-degree murder in the Court of Common Pleas of Luzerne County, Pennsylvania. (Doc. 1; Commonwealth v. Stoss, No. CP-40-CR-0001540-2011 (Pa. Ct. Com. Pl. Luzerne Cty.)). On June 12, 2012, he was sentenced to life imprisonment without the possibility of parole. (Id.) On July 7, 2018, Stoss filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his underlying conviction and sentence. (Doc. 1). Respondents contend that the petition should be dismissed as untimely or, alternatively, dismissed for failure to exhaust state court remedies. The court finds that the habeas petition is timely filed. However, we agree with respondents that Stoss did not properly exhaust the claims raised in his second PCRA[1] petition. Consequently, respondents will be directed to file an answer to the merits of the remaining, fully exhausted claims in the habeas petition.

---

[1] Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541, *et seq.*

**I.    Background**

In March 2011, Stoss was charged with first-degree murder and criminal homicide. Commonwealth v. Stoss, No. CP-40-CR-0001540-2011 (Pa. Ct. Com. Pl. Luzerne Cty.). At the conclusion of a five-day trial, a jury convicted Stoss of first-degree murder. (Id.) On June 12, 2012, the trial court imposed a sentence of life imprisonment without the possibility of parole. (Id.) Stoss filed a timely direct appeal to the Pennsylvania Superior Court. Commonwealth v. Stoss, No. 1374 MDA 2011 (Pa. Super.). On August 7, 2013, the Superior Court affirmed his judgment of sentence. Commonwealth v. Stoss, 2013 WL 11256473, No. 1374 MDA 2012 (Pa. Super. Aug. 7, 2013). On September 5, 2013, Stoss filed a petition for allowance of appeal with the Pennsylvania Supreme Court. Commonwealth v. Stoss, No. 676 MAL 2013 (Pa. 2013). On January 21, 2014, the Pennsylvania Supreme Court denied the petition for allowance of appeal. Commonwealth v. Stoss, 623 Pa. 762 (Pa. Jan. 21, 2014).

On March 10, 2014, Stoss filed his first *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541, *et seq.*, collaterally attacking his conviction. Commonwealth v. Stoss, No. CP-40-CR-0001540-2011 (Pa. Ct. Com. Pl. Luzerne Cty.). The PCRA court appointed counsel, and PCRA counsel filed a supplemental petition on November 13, 2014. See Commonwealth v. Stoss, 2016 WL 5930533, at *2 (Pa. Super. 2016). On April 21, 2015, an evidentiary hearing was held on Stoss' PCRA petition. See id. On September 14, 2015, the PCRA court dismissed the petition. See id. PCRA counsel filed a timely appeal. Commonwealth v. Stoss, No. 1869 MDA 2015 (Pa. Super.). On September 8, 2016,

the Superior Court affirmed the PCRA court's order denying post-conviction relief. Id.

On January 20, 2017, Stoss filed a second *pro se* PCRA petition. Commonwealth v. Stoss, No. CP-40-CR-0001540-2011 (Pa. Ct. Com. Pl. Luzerne Cty.). On January 18, 2018, the PCRA court denied the petition. (Doc. 13-2, at 46-57, Commonwealth v. Stoss, No. 1540 of 2011, PCRA Court Opinion and Order).

On July 7, 2018, Stoss filed the instant petition for writ of habeas corpus wherein he details each issue he raised in the state courts through direct and collateral appeal proceedings. (Doc. 1, at 3-6). It appears that Stoss is presently pursuing all of the claims he raised in the state courts, i.e., that the trial court erred in failing to suppress his statements to the Pennsylvania State Police, failing to suppress evidence seized without his consent, and failing to give a missing witness instruction; that trial counsel were ineffective for failing to present an alibi defense, failing to object to the prosecution's closing statement, and failing to present any evidence that another individual confessed to killing someone by the river bank on the same night Stoss was accused of the murder; that PCRA counsel were ineffective for failing to allege trial counsels' ineffectiveness for not raising and preserving an evidentiary issue with respect to the cross-examination of certain witnesses, and failing to raise trial and appellate counsels' failure to challenge the sufficiency of the evidence; and, trial and PCRA counsel were ineffective for failing to argue that the trial court abused its discretion when it limited cross-examination of two Commonwealth witnesses, failing to challenge the use of phone records at

trial, and failing to utilize DNA testing documents to support his claim of innocence. (Id.)

## II. Discussion

### A. Timeliness

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d)(1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does

4

not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Stoss was sentenced on June 12, 2012. His judgment of sentence became final on April 21, 2014, at the expiration of the ninety-day period for filing for writ of certiorari with the United States Supreme Court. See 42 Pa.C.S. § 9545(b)(3). The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on July 7, 2018, is clearly untimely. However, the court's analysis does not end here. The court must consider whether Stoss is entitled to statutory or equitable tolling.

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations began running on April 21, 2014 and, absent any tolling, would expire on April 21, 2015. However, pursuant to 28 U.S.C. § 2244(d)(2), when Stoss filed his first PCRA petition on March 10, 2014, the AEDPA's filing period was statutorily tolled, with the entire 365 days of the one-year filing period remaining. The statute remained tolled until October 10, 2016, when the time period expired for Stoss to seek review of the denial of his PCRA petition with the Pennsylvania Supreme Court. The 365 days remaining in which to file his federal petition began running on October 10, 2016.

Stoss again tolled the AEDPA's filing period when he filed his second PCRA petition on January 20, 2017.² The statute remained tolled until February 20, 2018, when the time period expired for Stoss to seek review of the denial of his PCRA petition with the Pennsylvania Superior Court. The 263 days remaining in which to file his federal petition expired on November 12, 2018. Stoss' federal petition was filed on July 7, 2018, before the expiration of the limitations period. Thus, the court deems the instant petition timely.

---

² Respondents contend that the second PCRA petition did not statutorily toll the AEDPA's limitations period under § 2244(d)(2) because it was untimely under the PCRA statute of limitations. See Commonwealth v. Bennett, 930 A.2d 1264, 1267 (Pa. 2007) ("Under 42 Pa.C.S. § 9545, as amended in 1995, any PCRA petition, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final."). It is true that Stoss' judgment of sentence became final on April 21, 2014, and the second PCRA petition was filed on January 20, 2017, more than one year after the judgment of sentence became final. However, the state court did not dismiss the second PCRA petition as untimely; rather, the state court found certain claims waived and ruled on the merits of certain claims. (See Doc. 13-2, at 46-57). Under the circumstances, it is reasonable to assume that the PCRA court viewed the second petition as properly filed. Accordingly, the court finds that the filing of the second PCRA petition effectively tolled the AEDPA's limitations period. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003) (stating that it is the federal court's "responsibility to give deference to the state court's determination of the timeliness of the state PCRA petition").

B.     **Exhaustion**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that — (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  Thus, a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or . . . circumstances exist that render such process ineffective. . . ."  See Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. §

2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971). The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir.1993).

Exhaustion is not, however, a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

In the second PCRA petition, Stoss claimed that trial and PCRA counsel were ineffective for failing to argue that the trial court abused its discretion when it limited cross-examination of two Commonwealth witnesses, failing to challenge the use of phone records at trial, failing to utilize DNA testing documents to support his claim of innocence, and failing to raise trial and appellate counsels' failure to challenge the sufficiency of the evidence. (Doc. 13-2, at 49-50). It is clear that Stoss did not appeal the PCRA court's decision denying his second PCRA petition to the Pennsylvania appellate court. Therefore, he has not exhausted his state court

8

remedies with respect to the claims in his second PCRA petition and these claims must be dismissed for failure to exhaust available state court remedies. Any attempt by Stoss to exhaust his state remedies at this time would be futile because these claims are procedurally defaulted due to the waiver of certain claims and expiration of the PCRA statute of limitations. See 42 PA. CONS. STAT. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding"); 42 PA. CONS. STAT. § 9545(b) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final").

## III. Conclusion

The court finds that Stoss did not fully exhaust the claims in his second PCRA petition, and these claims will be dismissed. Respondents will be directed to file a supplemental answer to the merits of the remaining claims in the habeas petition.[3]

---

[3] The fully exhausted claims pursued through Stoss' direct appeal proceedings and initial PCRA petition are as follows: the trial court erred in failing to suppress his statements to the Pennsylvania State Police, failing to suppress evidence seized without his consent, and failing to give a missing witness instruction; and, trial counsel were ineffective for failing to present an alibi defense, failing to object to the prosecution's closing statement, and failing to present any evidence that another individual confessed to killing someone by the river bank on the same night Stoss was accused of the murder.

9

An appropriate order shall issue.

                                        <u>/S/ Christopher C. Conner</u>
                                        Christopher C. Conner, Chief Judge
                                        United States District Court
                                        Middle District of Pennsylvania

Dated:       May 17, 2019